UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GEORGE H.,[1]

                                          Plaintiff,               Case # 21-cv-0168-FPG

v.                                                                                DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                          Defendant.
_____

## INTRODUCTION

On March 27, 2015, Plaintiff George H. protectively applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act") and Supplemental Security Income under Title XVI of the Act. Tr.[2] at 324-336. The Social Security Administration (the "SSA") denied his claim and Plaintiff appeared at a hearing before an Administrative Law Judge Bryce Baird on November 2, 2017. Tr. 93-145. At the hearing, Plaintiff and Timothy P. Janikowski testified. On May 7, 2018 the ALJ issued an unfavorable decision. Tr. 160-179. On July 11, 2019, the Appeals Council remanded the ALJ's decision for further review. On March 12, 2020, Plaintiff appeared at a second hearing before an Administrative Law Judge Bryce Baird. At the hearing, Plaintiff, medical expert, Stephen Golub, and vocational expert, Ruth Baruch, testified. On April 24, 2020, the ALJ issued an unfavorable decision. Tr. 12-38. On November 25, 2020, the Appeals Council denied review making the ALJ's decision from April 24, 2020 the final decision of the SSA. Tr. 1-6. Plaintiff then appealed to this Court.[3] ECF No. 1.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 8.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 11, 13. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the ALJ's decision is REMANDED to the Commissioner for further administrative proceedings.

## LEGAL STANDARD

### I.  District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). "If the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." McIntyre v. Colvin, 758 F.3d 146, 149 (2d Cir. 2014).

### II.  Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or

medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

## DISCUSSION

### I.   The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 10, 2014. Tr. 18. At step two, the ALJ found that Plaintiff has several severe impairments, including lumbar degenerative disc disease. Tr. 18. At step three, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. Tr. 20. The ALJ determined that Plaintiff maintained the RFC to perform "medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant can rarely, meaning up to 1/6 of a work day, lift and carry up to 50 pounds, can occasionally lift and carry up to 30 pounds, and can frequently lift up to 20 pounds." Tr. 23.

In formulating the RFC, the ALJ considered the symptoms that Plaintiff alleged and their consistency with the objective medical evidence and as well as opinion evidence.

At step four, the ALJ concluded that Plaintiff was unable to perform any past relevant work. Tr. 31. At step five, the ALJ concluded that there were jobs that existed in the economy that

Plaintiff could perform.  Tr. 32.  As such, the ALJ found that Plaintiff was not entitled disability or social security benefits.

**II.    Analysis**

Plaintiff argues that remand is warranted because, among other things, the ALJ's RFC determination that Plaintiff was capable of performing "medium work … except the claimant can rarely, meaning up to 1/6 of a work day, lift and carry up to 50 pounds" is not supported by the evidence.  ECF No. 11-1 at 20-23.  Because the Court agrees, it need not address Plaintiff's other arguments.

Specific limitations included in an RFC, like the RFC as a whole, "must be based on evidence in the record, not on an ALJ's own surmise."  *Wouters v. Comm'r of Soc. Sec.*, No. 19-CV-610, 2020 WL 2213896, at *2 (W.D.N.Y. May 7, 2020).  Thus, where an ALJ includes a highly specific durational limitation and exertional capacity, he must have an evidentiary basis for the chosen duration and capacity.  A medical opinion, a claimant's testimony, or information contained in the medical records can oftentimes be sufficient to support a given duration or capacity.  Furthermore, an ALJ is not limited to adopting only those durational limtis and exertional capacity limitations explicitly identified in the record: he is free to partially credit, or otherwise make reasonable inferences from, the evidence to determine a claimant's functional capacities and limitations.  *Heckman v. Comm'r of Soc. Sec.*, No. 18-CV-6032, 2019 WL 1492868, at *4 (W.D.N.Y. Apr. 4, 2019) ("[W]hen the record contains at least some evidence of a specific limitation, the ALJ may appropriately reach a specific RFC incorporating that limitation."); *see, e.g.*, *Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 79 (2d Cir. 2018) (summary order) (despite the absence of an express statement in the record that plaintiff could lift 50 pounds,

concluding that restriction to medium work was supported by evidence that a physician permitted claimant to return to a medium-work job without restriction, and another physician concluded that claimant's osteoarthritis would not have prevented him from occasionally lifting up to 50 pounds); *Barone v. Comm'r of Soc. Sec.*, No. 19-CV-482, 2020 WL 3989350, at *5 (W.D.N.Y. July 15, 2020) (collecting cases); *cf. Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order) (noting that an ALJ's conclusions need not "perfectly correspond with any of the [medical] opinions"). Unless "a reasonable factfinder would *have to conclude otherwise*," the district court must defer to the ALJ's factfinding. *Bonet v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (summary order).

Conversely, however, the Court's deferential review does not give an ALJ the license to arbitrarily craft functional limitations, *Mariani v. Colvin*, 567 F. App'x 8, 10 (2d Cir. 2014) (summary order) (where some evidence showed "total loss of function" to claimant's hand and other evidence showed no loss, the ALJ could not split the difference and conclude that claimant had "fifty percent capacity"), translate raw medical data into functional terms, *McKee v. Comm'r of Soc. Sec.*, No. 18-CV-1013, 2020 WL 1283884, at *4 (W.D.N.Y. May 18, 2020), or unreasonably draw highly specific inferences from the nonspecific evidence. *See, e.g.*, *Cosnyka v. Colvin*, 576 F. App'x 43, 46 (2d Cir. 2014) (summary order) (ALJ erroneously inferred from examiner's report—which stated that claimant would require "regular comfort breaks"—that claimant would need to "take a six-minute break every hour"). Moreover, an ALJ's reasoning must always be "sufficiently discernible as to allow a reviewing court to ensure that the ALJ employed the proper standards and rendered a decision supported by substantial evidence." *Moss v. Comm'r of Soc. Sec.*, No. 18-CV-365, 2020 WL 896561, at *3 (W.D.N.Y. Feb. 25, 2020); *see also Kimberly R. v. Comm'r of Soc. Sec.*, No. 21-CV-00079, 2022 WL 17584196, at *2 (W.D.N.Y.

5

Dec. 12, 2022) ("Without a 'tether' between the specific limitation and the medical record, this Court cannot perform its required meaningful review of the ALJ's decision.") (citation omitted). While an ALJ's analysis need not be fully explicit in every detail, a reviewing court must be able to "glean the ALJ's rationale from the record." *Dyana G. v. Comm'r of Soc. Sec.*, No. 19-CV-805, 2021 WL 465249, at *3 (W.D.N.Y. Feb. 9, 2021). Accordingly, with respect to a specific exertional capacity and durational limitation, the ALJ must tether the limitation to competent evidence and must provide a sufficient explanation to ensure "meaningful judicial review." *Moss*, 2020 WL 896561, at *3.

In this case, the ALJ did not provide, and the Court cannot discern, a tether between the record evidence and the ALJ's finding that Plaintiff could perform medium work with an exertional capacity of lifting 50 pounds and a durational limitation of doing so only 1/6 of the workday. Tr. 23. At the hearing, medical expert Dr. Stephen Golub testified that Plaintiff could lift "20 to 30 pounds, occasionally." Tr. 50. The ALJ followed up to ask if Dr. Golub believed Plaintiff could lift more than 30 pounds and Dr. Golub responded, "I don't think it's impossible, but I think it would have to be done on a *very* occasional basis." *Id*. (emphasis added). In his decision, the ALJ noted that the RFC "largely adopted Dr. Golub's proposed residual functional capacity," but he did not identify the evidence in the record that could reasonably support neither the highly specific exertional expectation that Plaintiff could lift up to 50 pounds nor the durational limitation doing so for 1/6 of the workday. Tr. 28. Dr. Golub's general testimony that it would not be "impossible" for Plaintiff to lift more than 30 pounds in no way supports the specific inference that Plaintiff could lift up to 50 pounds—an amount that is nearly 67% greater than the limit that Dr. Golub identified. Further, Dr. Golub's general testimony that Plaintiff could do so only "on a *very* occasional basis" in no way supports the specific inference that he could carry such weight

for 1/6 of each workday. The ALJ cited Plaintiff's daily activities, "which have ranged from gardening to kayaking," even though Plaintiff testified that he had not kayaked in the three years leading up to the first hearing because of his inability to carry the kayak. Tr. 134-135 ("I sold it. About three years ago. I couldn't pick it up anymore."). And although the decision summarizes Plaintiff's treatment records, including an MRI that objectively "reveal[s] degenerative disc disease" in his lower back, the ALJ does not discuss any evidence that correlates to the specific capacity expectations and durations he included with restrictions as to medium work. *See* Tr. 24-31.

The absence of a discernible rationale prevents the Court from conducting a meaningful review and justifies remand, as it raises the specter that the ALJ arbitrarily selected the specified capacity and duration or "interpreted the medical evidence based on [his] own lay judgment—both of which constitute error." *McGirr v. Comm'r of Soc. Sec.*, No. 19-CV-1004, 2020 WL 3467416, at *2 (W.D.N.Y. 2020). Remand for further proceedings is therefore warranted.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 11, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 13, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 22, 2023
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York